# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JUSTIN GOLDMAN, | : | |
| Petitioner, | : | Case No. 3:09CV0360 |
| vs. | : | District Judge Walter Herbert Rice |
| | | Magistrate Judge Sharon L. Ovington |
| WARDEN, Lebanon Correctional Institution, | : | |
| | : | |
| Respondent. | : | |
| | : | |

## REPORT AND RECOMMENDATIONS[1]

## I.     INTRODUCTION

Justin Goldman, an inmate in state custody at the Lebanon Correctional Institution brings a *pro se* Petition for Writ of Habeas Corpus 28 U.S.C. §2254. In September 2006, Petitioner was convicted on one count of Felonious Assault. This matter is before the Court upon Respondent's Motion to Dismiss (Doc. # 6) and the record as a whole. Petitioner did not respond to Respondent's Motion.

## II.    GOLDMAN'S STATE CONVICTION AND
##        FEDERAL HABEAS PETITION

In September of 2006, Petitioner was convicted on one count of Felonious Assault.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

(Doc. #1 at 1). Goldman indicates he was sentenced to an eight year term of imprisonment. *Id*. He timely appealed and on December 14, 2007, the Second District Court of Appeals affirmed his convictions. (Doc. # 1 at 2). Petitioner filed a timely appeal to the Ohio Supreme Court. (Doc. # 1 at 2). The Ohio Supreme Court ultimately dismissed his appeal on May 7, 2008.

On February 12, 2008, Goldman filed an application for reopening his appeal pursuant to Ohio App. R. 26(B). (Doc. # 6, Exhibit 12). On May 23, 2008, the Court of Appeals denied the application to reopen. (Doc. # 6, Exhibit14). There is no record of an appeal to the Ohio Supreme Court.

### III. GOLDMAN'S PETITION IS TIME BARRED

The Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA") applies to Goldman's habeas Petition because he filed well after the AEDPA became effective.[2] *See Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999).

The AEDPA contains a one-year statute of limitations. 28 U.S.C. §2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of-
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[2] The AEDPA became effective on April 24, 1996. *See* Pub.L. No. 104-132, 110 Stat. 1214.

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on direct review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In Goldman's case, the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review was August 5, 2008, the date upon which Petitioner's time for filing a certiorari petition in the United States Supreme Court expired. Therefore, Goldman had until August 5, 2009, in which to file his petition. The record reflects that Goldman's petition was filed on September 16, 2009, forty-two days after the time for filing had passed.

Goldman signed his habeas petition and dated it "May 05, 2009." (Doc. # 1 at 14). Pursuant to the prisoner mail box rule enunciated by the United States Supreme Court in *Houston v. Lack*, 487 U.S. 266, 108 S. Ct. 2379 (1988), the Supreme Court held that a *pro se* petitioner's notice of appeal is deemed "filed" at the moment it is delivered to prison authorities for forwarding to the district court. 487 U.S. 266, 270-71, 108 S. Ct. 2379.

Construing a federal rule of appellate procedure, the Court reasoned that *pro se* prisoners are at the mercy of prison authorities and cannot "personally travel to the courthouse" to ensure timely filing. *Id.* at 270-74. Additionally, the *Houston* Court's rule minimizes disputes and uncertainty over when filing occurs: "Because reference to prison mail logs will generally be a straightforward inquiry, making filing turn on the date the *pro se* prisoner delivers the notice to prison authorities for mailing is a bright-line rule, not an uncertain one." *Id.* at 275. In light of these concerns, the Court held that Houston timely appealed in his federal habeas case even though the clerk stamped "filed" on his appeal one day late: Houston delivered his appeal to prison authorities within the thirty-day deadline. *Id.* at 269.

In the instant case, the key question is when did Petitioner deliver his petition to prison authorities for forwarding to the district court? Respondent has set forth persuasive evidence, in the form of the prison mailing records, that he submitted the petition on September 10, 2009, after the one year limitation period had expired. (Doc. # 6 at 11-12). Petitioner did not respond to Respondent's argument or otherwise suggest a different date of submission. Consequently, Goldman's Petition for the Writ of Habeas Corpus is time-barred.

Petitioner does not allege that he was prevented from filing due to an impediment to filing created by State action and therefore §2244(d)(1)(B) does not apply. Petitioner does not identify the date on which the constitutional right asserted was initially

recognized by the United States Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on direct review and therefore §2244(d)(1)(C) does not apply. Petitioner does not argue that under §2244(d)(1)(D) the factual predicate of the claim or claims presented could only have been recently discovered through the exercise of due diligence. Further, Petitioner has failed to allege any extraordinary circumstances that would justify equitable tolling of the statute of limitations for the time period at issue. *See Jurado v. Burt*, 337 F. 3d 638, 643 (6th Cir. 2003).

Accordingly, Respondent's Motion to Dismiss (Doc. # 6) is GRANTED. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Respondent's Motion to Dismiss (Doc. # 6) be GRANTED;

2. Anthony K. Goldman's Petition for Writ of Habeas Corpus (Doc. #1) be DENIED and DISMISSED;

3. That Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability; and

4. This case be terminated on the docket of this Court.

April 21, 2010

                                                s/Sharon L. Ovington
                                                    Sharon L. Ovington
                                            United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(c), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).